## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KENNETH NEAL,

       Plaintiff,

v.                              CASE NO. 8:05-cv-00790-T-17-TBM

CITY OF BRADENTON,
OFFICER SHANE SHEHORN,

       Defendants.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

       This matter is before the Court on Defendants' Motion for Summary Judgment, filed on April 13, 2006 (Dkt. 56), and Plaintiff's Response thereto (Dkt. 62). For the reasons below, this Court grants Summary Judgment. The following facts are accepted as true for the purpose of resolving the pending motion.

## BACKGROUND AND PROCEDURAL HISTORY

       On Saturday, December 9, 2000, at 10:47 P.M., Officer Shane Shehorn ("Shehorn") was dispatched to Robert Hutcheson ("Hutcheson")'s residence in Bradenton, Manatee County, Florida, to investigate a traffic crash and a possible DUI. Upon arrival, Shehorn noticed Plaintiff Kenneth Neal ("Neal")'s 1991 Chevrolet van sitting in the middle of the roadway. Moments before, the van struck a raised flower bed on Hutcheson's property. Shehorn attempted several times to open the van's driver-side door. Responding to the officer's attempts, Neal yelled obscenities and declared that he "wanted to go home and lie down."

       The City of Bradenton and Shehorn (collectively "Defendants") allege that, while Shehorn continued to try to speak to Neal, Neal opened the door and lunged outward. Perceiving this as an attempted attack, Shehorn placed his left hand on Neal's left wrist and right hand on Neal's left shoulder. At his deposition, Hutcheson testified that Shehorn then started to wrestle Neal down.

Defendants further allege that Neal continued to act combatively even on the ground. His conduct made it impossible for firefighters, paramedics, and additional police officers who arrived on the scene to render medical care. Consequently, Neal was Baker Acted and transported to a hospital. Upon inventorying and impounding the van, a small bag of marijuana and a marijuana pipe were found in an open glove compartment.

Neal does not contest that the police had probable cause to search his van, to investigate the possible DUI, and to detain him. But, he disputes some of Defendants' account of the incident. According to Neal, he was not feeling well before the accident. Earlier that day, he bought a bottle of Nyquil, which he finished within a four-and-a-half hour period. He testified that he did not remember, among other things, striking Hutcheson's flower bed, Shehorn's approaching the van, cursing at officials, and how he got to the ground. He denied having the ability to lunge,[1] and, thus, to pose a threat to Shehorn and others called to the accident scene.

Neal's medical expenses following the incident totaled over $40,000.00. Pursuant to 42 U.S.C. § 1983, Neal filed an Amended Complaint in this Court against the Defendants, alleging that Shehorn used excessive force and violated the Fourth Amendment and that the City of Bradenton was liable for state law negligence under Fla. Stat. § 768.28 (Dkt. 27). The Defendants have motioned for summary judgment (Dkt. 56).

## STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that could impact the outcome under the relevant law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where the record, taken in its entirety, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue to be resolved at trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once the moving party has properly supported its motion for summary judgment, the non-moving party must go beyond the pleadings to show that a genuine issue exists for trial.

---

[1] In 1980, Neal was involved in a vehicular accident, which rendered him paralyzed from the neck down. He has since recovered, but has some physical limitations and is still considered a paraplegic.

2

Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The non-moving party must present evidence sufficient to establish the essential elements of that party's case, and for which that party will bear the burden of proof at trial.  Id. at 322; Hillburn v. Murata Elecs. N. Am. Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

When determining whether the moving party has met its burden, the court accepts as true the non-movant's evidence, and all justifiable inferences are to be drawn in the non-movant's favor.  Liberty Lobby, 477 U.S. at 255.  The question, then, is not whether the judge thinks that the evidence clearly favors one side or the other; rather, the question is whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.  Id. at 252.

DISCUSSION

This matter raises three issues: (1) whether Shehorn used excessive force on Neal and violated the Fourth Amendment; (2) whether Shehorn is entitled to qualified immunity; and (3) whether the City of Bradenton is liable under Fla. Stat. § 768.28 for Shehorn's conduct.

*Excessive Force*

The Constitution prohibits law enforcement from performing unreasonable seizures.  U.S. Const. amend IV; U.S. Const. amend XIV.  Freedom from unreasonable seizures includes the right to be free excessive force during an arrest.  Durruthy v. Pastor, 351 F.3d 1080, 1093 (11th Cir. 2003).  Reasonableness is determined by balancing the nature and quality of the intrusion into the individual's Fourth Amendment interest against the importance of the governmental interest justifying that intrusion.  Tennessee v. Garner, 471 U.S. 1, 8 (quoting United States v. Place, 462 U.S. 696, 703 (1983)).  Factors to consider include the manner and scope of the intrusion, the justification for initiating it, and the place it occurs.  Id. at 7-8.  Because reasonableness under the Fourth Amendment is incapable of precise definition, courts should pay careful attention to the facts and circumstances when evaluating such cases.  Id. at 8-9.

Whether Shehorn used excessive force turns on whether Neal posed a reasonable threat under the circumstances.  To avoid summary judgment, Neal must allege sufficient facts to show that a genuine issue of material fact exists as to whether Shehorn's conduct was unreasonable.  During his deposition, Hutcheson testified that Neal came out swinging at Shehorn before Shehorn wrestled him to the ground.  Shehorn's affidavit indicates that Neal lunged out of the van.  Once Neal was wrestled down, he continued to act combatively, and other officials had to

3

help restrain him.  Furthermore, at no point did Shehorn punch, kick, or use his baton, stun gun, or pepper spray on Neal.  Under Defendants' account of the facts, as confirmed by the facts in Hutcheson's deposition, Shehorn used reasonable force to respond to Neal's potential threat to safety.

During his deposition, Neal did not recall his cursing, Shehorn's approaching the van, what happened before falling to the ground, and how the fall occurred.  Nevertheless, he confidently asserted that he did not lunge at Shehorn because he is physically unable to do so.  He stated that, whenever he gets in and out of something on his own, he falls out, *usually* sits straight down, and laughs.  Since he did not sit straight down when outside the van, he inferred that he neither fell out on his own or lunged at Shehorn.

Neal's uneven recollection of the facts and circumstances will make it difficult at trial to prove his excessive force claim.  His physical condition before and during the incident presents an additional complication.  Before the incident, he consumed an entire large bottle of Nyquil within a four-hour period.  A Florida Department of Law Enforcement report confirms that 0.029 grams per 100 milliliters of ethyl alcohol were found in Neal's blood sample.  His inference, based on past experience, that he did not lunge at Shehorn does not sufficiently rebut the Hutcheson's testimony and the Defendants' account of the incident.  Accordingly, this Court finds that Neal does not present a genuine issue of material fact as to whether Shehorn's conduct was unreasonable.  At trial, he would have had the burden of proof on this issue, but he has not met it.

*Qualified Immunity*

Qualified immunity offers government officials complete protection from suit when they serve in their employment capacities and their conduct does not violate any established right that a reasonable person would have known.  Lee v. Ferraro, 284 F.3d 1188, 1193-94 (11th Cir. 2002).  It allows officials to carry out their discretionary duties without fear of personal liability.  Anderson v. Creighton, 483 U.S. 635, 638 (1987).

To receive qualified immunity, the government official "must first prove that he was acting within the scope of his discretionary authority when the alleged wrongful acts occurred."  Corson v. McMillan, 939 F.2d 1479, 1487 (11th Cir. 1991) (citations omitted).  Once the official proves this, the plaintiff has the burden to show that qualified immunity is inappropriate.  Id.  Courts evaluate appropriateness by a two-prong test: (1) do the alleged facts, taken in the light

most favorable to the plaintiff, show that the official's conduct violated a constitutional right; and (2) if a constitutional right would have been violated under the plaintiff's version of the facts, is it a clearly established right?  Saucier v. Katz, 533 U.S. 194, 201 (2001).  The qualified immunity standard allows for mistaken judgments and protects all but those who are plainly incompetent or who knowingly violate the law.  Hunter v. Bryant, 502 U.S. 224, 229 (1991). Accordingly, qualified immunity should be recognized where reasonable officers could disagree on the appropriateness of an officer's actions.  See City of San Antonio v. Hernandez, 53 S.W.3d 404, 408 (Tex. Ct. App. 2001).

During the encounter, Shehorn was on duty as a Bradenton police officer.  As an officer on duty, he could investigate a traffic crash and a possible DUI, to speak to those possibly injured, and to use reasonable force when making arrests.  In doing these things, Shehorn acted within the purview of his discretionary authority when he encountered Neal.

Since Shehorn has established that he was authorized to arrest Neal, Neal has the burden to prove that qualified immunity is inappropriate.  As noted above, Neal does not recall key facts in this case, those that determine whether Shehorn acted reasonably.  His uneven account impugns his inference-based assertion that he did not lunge at Shehorn.  Even after taking the facts and drawing justifiable inferences in his favor, this Court still finds that Neal has not met his burden of proof and that qualified immunity applies to Shehorn's actions here.  See Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 926 (11th Cir. 2000) ("In the context of Fourth Amendment excessive force claims, we have noted that generally no bright line exists for identifying when force is excessive; we have therefore concluded that unless a controlling and materially similar case declares the official's conduct unconstitutional, a defendant is usually entitled to qualified immunity.").

*State Law Negligence*

The State of Florida waives its sovereign immunity in tort actions committed "in the same manner and to the same extent as a private individual under like circumstances."  Fla. Stat. § 768.28(5).  State employees may be personally liable for "acts beyond the scope of their duties, committed in bad faith or with malicious purpose, or that exhibited wanton and wilful disregard of human rights, safety or property." Fla. Stat. § 768.28(9).

Florida law does not recognize the "negligent" use of excessive force during a lawful arrest as a cause of action.  City of Miami v. Sanders, 672 So. 2d 46 (Fla. 3rd DCA 1996).

Excessive force must be claimed as the intentional tort of battery, not negligence.  The <u>Sanders</u> court further noted that an officer cannot negligently commit an intentional tort.  <u>Id.</u> at 48.

A police officer is liable only for the amount of force clearly in excess to that necessary during the arrest.  <u>Id.</u> at 47.  Thus, to sustain a claim of excessive police force during an arrest, the plaintiff must show that the officer intended to cause harm and made actual contact.  Restatement (Second) of Torts § 13.  A plaintiff fails to state a cause of action by merely alleging that the officer failed to exercise due care.  <u>Sanders</u>, 672 So. 2d at 48.  Neal concedes that Shehorn was authorized to detain him and acted neither maliciously nor in bad faith.  Consequently, he cannot sustain his negligence claim or allege a battery claim.

Neal argues that the jury is to decide whether an officer's conduct gives rise to a claim under Florida's Sovereign Immunity Act.  <u>McGhee v. Volusia County</u>, 679 So. 2d 729, 733 (Fla. 1996).  However, the facts in <u>McGhee</u> are distinguishable from this case.  The <u>McGhee</u> court noted that its holding was based only on the facts at hand and recognized that, under different circumstances, summary judgment could be appropriate.  <u>Id.</u> at 733 n.7; <u>cf.</u> <u>Id.</u> at 733-34 (Wells, J., specially concurring) ("I am concerned that the majority opinion could be read so as to give no legal effect to a provision of the sovereign immunity statute . . . . In addition, however, I believe the jury should be instructed that if it determines that the employee's act was in bad faith or with malicious purpose, or in a manner exhibiting wanton or willful disregard of human rights, safety, or property[.]").

While McGhee was being arrested and already handcuffed, a police officer lunged at him, grabbed him by the throat, and began forcibly kicking him.  <u>Id.</u> at 730.  Here, however, Neal was inside the van when he began cursing at Shehorn and ordering him to stay away.  He was not restrained against his will until he exited the car and began swinging at Shehorn.  Furthermore,  Hutcheson's testimony and Shehorn's deposition indicate that force was used against Neal to keep him under control in response to his consistent resistance.  As the stipulated facts suggest, Shehorn acted without malice, bad faith, or wilful disregard for human safety.  Accordingly, this Court concludes that this case has sufficiently distinguishable facts, and <u>McGhee</u> is not binding here.

<u>CONCLUSION</u>

Neal has not brought forth sufficient facts to show that genuine issues exist for trial, and Defendants are entitled to judgment as a matter of law.  Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 56) be **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment for Defendants and to close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 27th day of June, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record